{¶ 65} I generally concur in the majority's analysis and disposition of Appellant's first assignment of error. I write separately on this assignment as I find the case sub judice presents several interesting questions. The first being when were the guns seized. When the officer first took possession of the guns by removing them from the place they were found in the house? When they were removed from the house and placed on top of the trunk of the police cruiser? Or, when they were physically transported off Appellant's land to the police station? The answer to this question bears upon when it became "immediately apparent" the items were contraband; thereby, subject to seizure.[1]
 {¶ 66} If the guns were seized when the officer first took physical possession of them, their status as contraband would not have then been immediately apparent. If so, the guns should be suppressed.[2] If, however, seizure did not occur until the guns were actually transported off Appellant's land, their status as contraband would have become immediately apparent following the officer's conversation with Appellant and the officer's discovery Appellant was under a disability.[3] At that point in time, the officer would have had probable cause to arrest Appellant for having weapons under a disability due to his possession, even if not ownership, of the guns. As such, the guns would be admissible evidence. *Page 15 
 {¶ 67} Assuming, arguendo, the guns were improperly seized and should be suppressed, the next question becomes what impact that decision has on Appellant's appeal. Has Appellant demonstrated prejudice as a result of the failure to suppress the guns as evidence?
 {¶ 68} Exclusion of the guns themselves does not preclude the possibility of conviction for the crime charged. Some inculpatory evidence exists, independent of the seizure of the guns. The fact numerous guns were seen in Appellant's house and his wife denied knowledge to whom the guns belonged would be admissible. The fact Appellant is under a disability would also be admissible.
 {¶ 69} The next question would become whether Appellant's statements to the officer at the scene would be admissible or "fruit of the poisonous tree" of the assumed illegal seizure of the guns. Appellant was not Mirandized as he was not in custody at the time. Appellant appeared at the scene voluntarily, not at the request of the police. The initial questioning about ownership of the guns does not appear to have been an attempt to gather incriminating evidence against Appellant. It was not until after the officer learned Appellant was under a disability Appellant's statements became incriminating.
 {¶ 70} I would find Appellant's statements at the scene were sufficiently attenuated from the physical seizure of the guns to warrant their admission into evidence, even if the guns themselves should be suppressed. The questioning flowed as a result of the guns being legally seen in the house, not the "seizure" of the guns. Appellant's intervening voluntary arrival at the scene would have been sufficient to break any causal connection between the assumed illegal seizure of the guns and *Page 16 
Appellant's statements. The officer would have asked the questions and Appellant would have made the statements even if the guns had not been physically seized at the time. As such, Appellant's statements were not fruits of the poisonous tree.
 {¶ 71} Assuming, arguendo, it was error not to order suppression of the guns, it is my opinion such error was not prejudicial. The other admissible evidence was more than sufficient to support the trial court's finding of guilt based upon Appellant's no contest plea.
 {¶ 72} I respectfully dissent from the majority's decision to overrule Appellant's second assignment of error. I do not find the issue frivolous. Although Appellant's counsel may be responsible for not timely seeking review of the pre-sentence report immediately before the start of court, I find justice would be better served by allowing, at a minimum, a brief recess, if not a continuance, to review the report. I believe the fundamental fairness of allowing Appellant such a review outweighs the inconvenience of a resentencing hearing, even if the outcome remains the same. It is Appellant who suffers the potential prejudice resulting from the inability to review and contest the PSI, not his Counsel.
[1] As to the gun found in the case, I concur with the majority, it should be suppressed as it exceeded the scope of Appellant's wife's consent.
[2] Because officer safety would mandate the officer take control over the guns while searching for the person identified in the arrest warrant, I would find the guns were not seized for Fourth Amendment considerations at this point.
[3] The State's claim Appellant admitted he was under a disability is not supported in the record. The record does not disclose how the officer learned of Appellant's disability. *Page 1